# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKSON PHILLIP MOSLEY,<br>301 M Street, SW #1004<br>Washington, DC 20024<br><br>     Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br>820 Follin Lane SE<br>Vienna, VA 22180<br><br>     Defendant. | Civil Action No.: _____ |

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Pursuant 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Navy Federal Credit Union ("Navy Federal"), hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and states as follows for its Notice of Removal. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### I. INTRODUCTION

1. On October 5, 2020, Plaintiff Jackson Phillip Mosley ("Plaintiff") filed a Complaint against Navy Federal in the Superior Court of the District of Columbia, styled *Jackson Phillip Mosley v. Navy Federal Credit Union*, Case No. 2020 CA 004230 B (the "Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff purportedly served Navy Federal with a copy of the Summons and

Complaint on or about October 6, 2020, by certified mail. Navy Federal contends that service was not proper. Nevertheless, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as fewer than 30 days have passed since the Action was filed.

3. In the Complaint, Plaintiff alleges causes of action for violation of § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and for negligence.

4. Navy Federal denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief can be granted, and denies that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because Plaintiff asserts claims under the FCRA.

## II.     GROUNDS FOR REMOVAL

5. This case is removable pursuant to the Court's federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's Complaint appears to allege violations of § 1681s-2(b) of the FCRA

7. This Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges Navy Federal violated the laws of the United States.

8. To the extent that Plaintiff also assert claims purporting to arise under the common law, these claims – alleging negligence in connection with the same credit reporting at issue in the claims asserted under the FCRA – are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

### III.   VENUE

9.   Venue is proper in this Court because this District encompasses the Superior Court of the District of Columbia, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.   NOTICE

10.   Pursuant to 28 U.S.C. § 1446(d), and concurrent with filing this Notice of Removal, Navy Federal will file a Notice of Filing Notice of Removal with the Clerk of the Superior Court of the District of Columbia and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing Notice of Removal (without its exhibits) is attached hereto as **Exhibit C**.

11.   Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

12.   There are no co-defendants in this matter.  Thus, Navy Federal is not required to obtain consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

13.   Navy Federal reserves the right to amend this Notice of Removal.

14.   By removing the case to this Court, Navy Federal does not waive any defenses, objections, or motions available to them under the applicable law.  In particular, Navy Federal expressly reserves the right to move for dismissal pursuant to Fed. R. Civ. P. 12.

15.   If any questions arise as to the propriety of the removal of this action, Navy Federal requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. §§ 1331, Defendant, Navy

Federal Credit Union hereby removes this action from Superior Court of the District of Columbia Civil Division to the United States District Court for the District of Columbia and seeks whatever further relief this Court deems equitable and just.

Dated:  October 27, 2020	Respectfully submitted,

**Navy Federal Credit Union**

By: /s/ S. Mohsin Reza
S. Mohsin Reza, Esq., DC Bar No. 985270
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1927
Fax: 703-448-6510
Email:  mohsin.reza@troutman.com
*Counsel for Defendant Navy Federal Credit Union*

## **CERTIFICATE OF SERVICE**

I certify that on the 27th day of October, 2020, a true and correct copy of the foregoing was sent U.S. Mail and Federal Express to the following:

>**Plaintiff**
>Jackson Phillip Mosley
>301 M Street SW #1004
>Washington, DC 20024

>/s/ S. Mohsin Reza
>S. Mohsin Reza, Esq., DC Bar No. 985270
>TROUTMAN PEPPER HAMILTON SANDERS LLP
>401 9th Street NW, Suite 1000
>Washington, DC 20004
>Tel: 202-274-1927
>Fax: 703-448-6510
>Email:  mohsin.reza@troutman.com
>*Counsel for Defendant Navy Federal Credit Union*