# EXHIBIT A

1 MR. JACKSON PHILLIP MOSLEY
2 301 M STREET, SW, #1004
3 WASHINGTON, DC 20024
4 703-395-1596
5
6

7  SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

8  CIVIL DIVISION

9

| JACKSON PHILLIP MOSLEY, | ) |
| 301 M STREET, SW, #1004, | ) |
| WASHINGTON, DC 20024, | ) Case No.: No. __2020 CA 004230 B__ |
| Plaintiff, | ) JACKSON PHILLIP MOSLEY v. NAVY FEDERAL CREDIT UNION |
| vs. | ) |
| NAVY FEDERAL CREDIT UNION | ) |
| OF | ) |
| 820 FOLLIN LANE, SE | ) |
| VIENNA, VA 22180 | ) |
| Defendant | ) |

10

11   1. Jurisdiction of this court is founded on District of Columbia Code, Title 13 (§ 13–423), which states

12 that a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent,

13 as to a claim for relief arising from the person's transacting any business in the District of Columbia, and the

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA – CIVIL DIVISION**

14    plaintiff residing in the District of Columbia at the time the suit is filed;

15    2. Plaintiff alleges that on or about February of 2019, Plaintiff, while attempting to purchase his first home,
16    discovered a credit card, checking, and savings account had been opened with Defendant by someone using
17    Plaintiff's name and information. While family members of Plaintiff have conducted business with Defendant,
18    Plaintiff has never done business with Defendant in any capacity. Plaintiff followed normal procedures for reporting
19    identity theft as prescribed by the Federal Trade Commission including the filing of an Identity Theft Affidavit, a
20    police report with DC Metropolitan Police Department, and filing identity theft disputes with the major credit
21    bureaus. Allegedly an investigation was performed by Defendant and Defendant determined that Plaintiff was not
22    responsible for the checking and savings accounts, but that he was responsible for the credit card account, yet would
23    not provide any detailed findings to prove Defendant's determination. Plaintiff contacted all the major credit bureaus
24    and was informed that no detailed information was provided by the Defendant proving the results of the
25    investigation. Plaintiff again disputed Defendant's account reporting with the bureaus, with results of the disputes
26    determining the account was opened by Plaintiff, although, yet again, when Plaintiff asked Defendant to provide
27    proof from the findings of Defendant's investigation, Plaintiff was denied access; presumably because the proof did
28    not exist. It is abundantly clear that Defendant is willfully and knowingly violating several statutes of the FCRA.
29    Defendant's negligence in the initial verification of Plaintiff's identity, in maintaining detailed records, and in
30    investigations into the matter, which have subsequently led to the false information being published on Plaintiff's
31    credit report, have resulted in Plaintiff being perceived as untrustworthy and unreliable, both as a borrower of credit
32    and as a potential employee. It has resulted in Plaintiff being denied a Public Trust Clearance and DC Mortgage
33    Loan Officer license, subsequently preventing Plaintiff from accepting a job he very much wanted that would have
34    furthered his career. Further, his FICO rating has caused Plaintiff to be unfairly subjected to unfavorable terms for
35    financial and insurance accounts, and yet another denial of a mortgage loan due to Defendant's claims that Plaintiff
36    is an untrustworthy borrower. Major credit bureaus Experian and Transunion have agreed with Plaintiff that
37    Defendant has failed to produce evidence that the debt and account in question was opened by the Plaintiff. As a
38    result, these bureaus have removed the account permanently. Defendant continues to report to the major credit
39    bureau Equifax, stating that they have information which confirms the account was opened by Plaintiff. Defendant

2

40 reports each month to Plaintiff's Equifax report as a new "Charge-Off," which continues to impact his credit
41 standing. Exhausted with the situation, which has now elapsed over a year since the initial discovery in 2019,
42 Plaintiff has been left with no other recourse than to file this legal action in order to be able reach Plaintiff's
43 immediate goal of purchasing a home prior to his current apartment lease expiration. This complaint serves as
44 Plaintiff's last resort for seeking relief from the Defendant's previous and ongoing negligence. Plaintiff is an
45 upstanding citizen, graduated top of his class from American University, and has countless references proving his
46 character. However, in a world highly dependent on Plaintiff's credit rating, he is perceived in a highly negative
47 light by potential banks, insurance companies, employers, and all other parties seeking credit bureau reports and
48 background checks.
49         3. Plaintiff possesses no formal legal training and is not in a financial position to hire legal counsel at this
50 time. Plaintiff respectfully asks the court to excuse natural ignorance that may be reflected in these legal filings.
51 Plaintiff respectfully asks for equitable relief from the court in this matter. Plaintiff has a pure interest in what is
52 morally right as opposed to creating a taxing legal battle. Plaintiff does not wish to seek monetary damages, but
53 rather asks the court to enter judgement instructing Defendant to do the following:
54 1)   Notify and delete errant information on the reports maintained by major credit bureau Equifax.
55     a)   Revolving credit line reported by Defendant, appearing as "NAVY FEDERAL CR UNION," with an
56          alleged account open date of 02/10/2015, with a status as "charged-off account," and a balance of $13,909.
57          Only the first six digits of the account number, which are ▉▉▉▉▉▉, and last four digits, which are 4329, have
58          been made available by the credit bureaus, as Defendant has refused to provide the data to Plaintiff.
59 2)   Any and all future or current reporting related to these accounts on any credit bureau report(s) not specifically
60      listed above.
61 3)   Removal of Plaintiff's liability of the accounts in question.

Dated this 4th day of October, 2020

*/s/ signature*

MR. JACKSON PHILLIP MOSLEY
301 M STREET, SW, #1004
WASHINGTON, DC 20024

3

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA – CIVIL DIVISION**

4